**Bernard Weisburgh v. McClure Newspapers, Inc., et al.**

[396 A.2d 1388]

No. 94-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed January 11, 1979

*Catherine W. Scott* and *Frank G. Mahady,* Office of *Frank G. Mahady,* White River Junction, and *Richard I. Burstein,* Randolph, for Plaintiff.

*Clarke A. Gravel,* Burlington, for McClure Newspapers, Inc.

*Paul D. Sheehey,* Burlington, for Mt. Mansfield Television, Inc.

*Donald E. O'Brien,* Burlington, for Vermont Publishing Corp.

**Barney, C.J.** The issue in this proceeding relates to the statute of limitations, 12 V.S.A. § 512. A law suit was commenced by the plaintiff by filing a complaint in the office of the

superior court clerk on August 10, 1976. This was about two weeks prior to the expiration of the applicable three year statutory limitation. The thirty day period within which service of process must be made under V.R.C.P. 3 expired before arrangements were made for an officer to complete service. No motion to enlarge the time for completing service under V.R.C.P. 6 was made within the period. As a result, this action was dismissed.

As the order dismissing this complaint points out, if the filing of a complaint is to be effective in tolling the statute of limitations as of that filing date, timely service under the Rules of Civil Procedure must be accomplished. This has long been a requirement of our law, paralleled by the kind of relief afforded by 12 V.S.A. § 558 from statute of limitations' restrictions. *Bethel Mills, Inc.* v. *Whitcomb,* 116 Vt. 357, 361, 76 A.2d 548 (1950), cited by the plaintiff in his memorandum filed below, reflects this longstanding rule requiring proper completion of service.

12 V.S.A. § 466, effective March, 1972, does not relieve the plaintiff from the requirements of V.R.C.P. 3. As the Reporter's Notes to that rule explain, V.R.C.P. 3 is not a restriction on 12 V.S.A. § 466, but, to the contrary, 12 V.S.A. § 466 was passed in conjunction with the Rules of Civil Procedure. Its purpose was to substitute the date of filing with the clerk or the date of service, according to the mode of commencing the litigation chosen, for the old standard using the date of the complaint. Neither the rule nor the statute indicate any purpose to alter the substantive requirement of the rule of *Bethel Mills, Inc.* v. *Whitcomb, supra,* and we so hold.

Instead of appealing the dismissal of his first complaint, the plaintiff brought a new complaint for the same cause of action, invoking 12 V.S.A. § 558(a) as a bar to the defense of the statute of limitations. This section reads:

> The plaintiff may commence a new action for the same cause within one year after the determination of the original action, when the original action has been commenced within the time limited by any statute of this state, and the action has been determined for any of the following reasons:

(1) Where the action is dismissed for insufficiency of process caused by unavoidable accident or by default or neglect of the officer to whom the process was committed;

(2) Where the action is dismissed for lack of jurisdiction of the subject matter or person, improper venue, or failure to join an indispensable party;

(3) Where the action is defeated or avoided by the death of a party thereto;

(4) Where judgment for the plaintiff is reversed on appeal on one of the grounds listed in paragraphs (1) and (2) of this section.

The benefits of this statute are available only to those coming within its provisions. *Leno* v. *Meunier*, 125 Vt. 30, 33, 209 A.2d 485 (1965). The crucial issue here is the failure to make timely service on the defendants sought to be charged. The statute gives relief where the insufficiency of process is caused by unavoidable accident or by default or neglect of the officer to whom the process was committed. Since it is acknowledged in the new complaint that the original complaint was not delivered to the sheriff's office in time for valid service, that officer cannot be charged with neglect or default.

The complaint does allege that the clerk's office failed to return the original complaint to the plaintiff or to deliver it to the sheriff's office in time to make service within thirty days as required by V.R.C.P. 3. As the lower court held and V.R.C.P. 4 provides, it is the responsibility of the plaintiff to deliver to the person who is to make the service the necessary complaint and summons with appropriate copies. This responsibility does not belong to the clerk's office, and we would especially point out that the records in the case demonstrate that there was no request made to that office to carry out what would have been, under our law, a purely gratuitous undertaking. Thus, the plaintiff cannot bring the clerk within the statutory call for the plaintiff to establish that the failure to complete service of process was "caused by unavoidable accident or by default or neglect of the officer to whom the process was committed."

The plaintiff also argues that if the failure to complete service cannot be allocated to an officer, it does fall under

the phrase "unavoidable accident." The pleadings themselves foreclose any such contention. As has already been noted, V.R.C.P. 4 places the responsibility for seeing to service squarely upon the plaintiff. No claim has been advanced that any person or event interfered with the plaintiff's capacity or ability to carry out that obligation. Misapprehension of the county clerk's function, in the face of V.R.C.P. 4, cannot meet the standard of unavoidable accident. Since all this abundantly appears from the plaintiff's own pleadings, no evidentiary hearing was needed, and the ruling below was sound in law.

*Judgment affirmed.*