## Marlene Lacillade Powers v. Lawrence Chouinard

[409 A.2d 598]

No. 138-79

Present: Daley, Billings and Hill, JJ., and Smith, J. (Ret.), and Bryan, District Judge, Specially Assigned

Opinion Filed December 4, 1979

*Richard E. Davis Associates, Inc.,* Barre, for Plaintiff.

*Debra A. Martin* of *Downs, Rachlin & Martin,* South Burlington, for Defendant.

**Per Curiam.** This is an interlocutory appeal from the Washington Superior Court's denial of the defendant's motion for judgment on the pleadings on the ground that the statute of limitations had expired. The complaint alleged that an automobile accident with resulting personal injuries to the plaintiff took place on January 3, 1976. The plaintiff commenced her action by filing, pursuant to V.R.C.P. 3, on the afternoon of January 4, 1979, not a holiday or a weekend. Service on the

defendant was completed within thirty days of filing as required by V.R.C.P. 3.

The issue is whether the action is barred by the statute of limitations because the filing was not commenced "within three years after the cause of action accrue[d]." 12 V.S.A. § 512(4).

The plaintiff was one day late in bringing her suit. V.R.C.P. 3 provides that an action may be commenced by either filing or service. Neither was done within three years in this case.

V.R.C.P. 6(a) provides the method of computation. The day of the event, January 3, 1976, is not counted. The last day, January 3, 1979, is counted. Nor is the plaintiff saved by the decision in *Weisburgh* v. *McClure Newspapers, Inc.*, 136 Vt. 594, 396 A.2d 1388 (1979). In that case, the filing with the clerk of the superior court was approximately two weeks prior to the expiration of the three-year statute of limitations. The problem was that service on the defendant was not completed within thirty days under V.R.C.P. 3. No motion was filed to extend the time for service. This Court affirmed the lower court's dismissal of the action.

Since neither the filing nor the service in this case took place within the statutory period of three years, 12 V.S.A. § 512(4), the order denying the defendant's motion for judgment on the pleadings is reversed, and judgment is ordered for the defendant.

*Reversed and judgment is ordered for the defendant.*