2003 VT 50

**Jean FERCENIA v. Robert C. GUIDULI, M.D. and Guiduli Opthalmic Associates, Inc.**

[830 A.2d 55]

No. 02-451

¶ 1. May 28, 2003. Defendants Dr. Robert Guiduli and Guiduli Opthamalic Associates, Inc., bring this interlocutory appeal from an order of the Chittenden Superior Court denying their motion for judgment on the pleadings. Defendants contend that plaintiff Jean Fercenia's failure to comply with the requirements set forth in Vermont Rule of Civil Procedure 3 and the waiver of service requirements set forth in Rule 4(l) resulted in the expiration of plaintiff's cause of action under the applicable statute of limitations. The trial court, in denying defendants' motion, found that plaintiff's failure to comply with the requirements of the rules did not prejudice defendants, and as a result, did not bar commencement of the action. We hold that plaintiff's failure to timely file defendants' waiver of service with the court in accordance with V.R.C.P. 4(l)(5) constituted a failure to commence the action before expiration of the statute of limitations. Accordingly, we reverse the trial court's denial of defendants' motion and dismiss plaintiff's case.

¶ 2. This appeal arises in the context of a medical malpractice action. On July 27, 2001, plaintiff filed a five-count complaint in Chittenden County Superior Court, alleging negligence, "res ipsa loquitur," breach of contract, and failure to obtain informed consent against defendant Guiduli, and liability under the doctrine of respondeat superior against defendant Guiduli Opthamalic Associates, Inc. The basis for the complaint was a cataract surgery that defendant Guiduli per-

formed on plaintiff's left eye on July 28, 1998. According to the complaint, the surgery resulted in the improper placement of the lens in plaintiff's eye.

¶ 3. On September 6, 2001, plaintiff's attorney David Lynch wrote to the attorney for defendants, David Spielman, requesting waiver of formal service of process pursuant to V.R.C.P. 4(l) and noting that plaintiff "must complete service of the complaint by September 27, 2001." After obtaining Mr. Spielman's agreement to proceed pursuant to Rule 4(l), on September 20, 2001, plaintiff's attorney mailed Mr. Spielman two copies of a document entitled "Acceptance and Waiver of Service." These documents, which defense counsel was to sign and return to Mr. Lynch, read in part that defendant "accepts service of the complaint [in the matter] ... and waives any all other [sic] form of legal service of process." Plaintiff's attorney, however, failed to include a copy of the complaint with these documents. After telephone conversations on September 21 and September 24 discussing Mr. Lynch's omission of the complaint, Mr. Spielman, by faxed letter dated September 25, requested that Mr. Lynch provide defense counsel with "a revised acceptance of service ... and a copy of the complaint." In a letter dated September 26, 2001, Mr. Lynch provided defense counsel with a revised acceptance and waiver of service form and requested that Mr. Spielman sign the form and return it by fax that day. The letter indicated that Mr. Lynch would "have the complaint served tomorrow" if he did not receive a signed copy of the acceptance and waiver of service form later that day. Mr. Spielman executed the document and returned it to Mr. Lynch via fax on the same day, September 26, 2001.

¶ 4. A copy of the September 26 revised acceptance and waiver of service form was filed with the trial court on October 1, 2001. On October 11, 2001, defendants filed a motion to dismiss counts II and III of the complaint, which alleged respectively "res ipsa loquitur" and breach of contract. The court ultimately granted this motion, finding that res ipsa loquitur is "a rule of evidence and not a separate cause of action," and that plaintiff's breach of contract claim was improper because the suit "[a]s a medical malpractice claim ... is a tort action." On November 28, 2001, defendants filed their answer and asserted the statute of limitations as an affirmative defense. The next day, defendants filed a motion for judgment on the pleadings pursuant to V.R.C.P. 12(c), alleging that plaintiff's action was barred by the applicable statute of limitations because plaintiff failed to file defendants' signed waiver of service with the trial court within sixty days from the date of filing the complaint, as required by the Vermont Rules of Civil Procedure. The court denied defendants' motion, holding that:

> Defendants were not prejudiced by the filing of the Waiver on October 1st when it was mailed on September 27, 2001. Defendants knew of the suit well in advance of the September 25th actual due date. Defendants could tell by Atty. Lynch's correspondence that Attorney Lynch intended to effect personal service on September 27th if the Waiver was not returned in time for filing on that date; and Defendants agreed to accept service, but did so on September 26th. Under the circumstances, Defendants cannot take technical advantage of Plaintiff's attorney's unwitting error.

¶ 5. On August 26, 2002, defendants filed a motion for permission to appeal, which the trial court denied. We granted defendants' motion for interlocutory appeal on October 30, 2002. On appeal, defendants assert that the trial court

erred in denying their motion for judgment on the pleadings because plaintiff's failure to file defendants' waiver of service with the trial court within sixty days of filing her complaint, as required by V.R.C.P. 3 and 4(l), resulted in the expiration of the applicable statute of limitations and therefore barred plaintiff's medical malpractice action. We agree.

¶ 6. When reviewing a denial of a motion for judgment on the pleadings, the issue before the Court is whether the movant is entitled to judgment as a matter of law on the basis of the pleadings. *Sorge v. State*, 171 Vt. 171, 174, 762 A.2d 816, 818 (2000). This Court considers as true all well-pleaded factual allegations in the pleadings of the nonmoving party and all reasonable inferences that can be drawn from them; contrary assertions made by the moving party are deemed false. *Knight v. Rower*, 170 Vt. 96, 98, 742 A.2d 1237, 1238 (1999).

¶ 7. The issue in this appeal is whether plaintiff commenced her medical malpractice claim before expiration of the statute of limitations. The statute of limitations applicable to plaintiff's claim is set forth in 12 V.S.A. § 521, which provides that "actions to recover damages for injuries to the person arising out of any medical or surgical treatment or operation shall be brought within three years of the date of the incident or two years from the date the injury is or reasonably should have been discovered." The surgical treatment or operation that plaintiff alleges resulted in medical malpractice occurred on July 28, 1998. Plaintiff filed her complaint with the superior court on July 27, 2001. Pursuant to V.R.C.P. 3, when an action is commenced by filing the complaint with the court, the summons and complaint must be served on the defendant within sixty days of the date of filing. Computing the time as prescribed by V.R.C.P. 6(a), plaintiff was required to effect proper service on defendants by September 25, 2001 in order to properly commence her medical malpractice action.

¶ 8. A plaintiff may accomplish service of process as required by Rule 3 by obtaining a waiver of service from a defendant in accordance with Rule 4(l) and filing that waiver with the court within sixty days of the date of filing the complaint. See V.R.C.P. 4(l)(5) ("When the plaintiff files a waiver of service with the court, the action shall proceed ... as if a summons and complaint had been served at the time of filing the waiver ...."). The record establishes that plaintiff obtained a waiver from defendants, but did not do so until September 26, 2001. More importantly, a copy of that waiver was not filed with the court until October 1, 2001. Consequently, the sixty-day period required by Rule 3 to perfect service was not met.

¶ 9. "[I]f the filing of a complaint is to be effective in tolling the statute of limitations as of that filing date, timely service under the Rules of Civil Procedure must be accomplished. This has long been a requirement of our law ...." *Weisburgh v. McClure Newspapers, Inc.*, 136 Vt. 594, 595, 396 A.2d 1388, 1389 (1979); cf. *Cuocci v. Goetting*, 812 F. Supp. 451, 452 (D. Vt. 1993) ("It is this 60 day period [in V.R.C.P. 3] which controls the tolling of the statute in a diversity action."). Under V.R.C.P. 4(l)(5), the effective date of service for tolling the statute of limitations following the filing of a complaint pursuant to V.R.C.P. 3 is the time at which a plaintiff files the waiver of service with the trial court, and not the date on which a defendant signs that waiver. See Reporter's Notes, 1996 Amendment, V.R.C.P. 4. "If the waiver cannot be filed by the date required under Rule 3, the plaintiff should seek to serve process upon the defendant within that period." *Id.*

¶ 10. Vermont Rule of Civil Procedure 4(l)(5) is virtually identical to Federal Rule 4(d)(4), and was amended in 1996 to conform with changes made to the analo-

gous federal rule in 1993.[1] See Reporter's Notes, 1996 Amendment, V.R.C.P. 4. The purpose of this rule is to clarify that, in situations such as the one presented in this case, where service of the summons and complaint is required for tolling of the statute of limitations under rule V.R.C.P. 3, "if the waiver is not returned and filed, the limitations period under such a law is not tolled and the action will not otherwise proceed until formal service of process is effected." Advisory Committee Notes, 1993 Amendments, F.R.C.P. 4(d)(4); see also 4A C. Wright & A. Miller, Federal Practice and Procedure § 1092.1, at 505-06 (2002 & Supp. 2003).

¶ 11. Therefore, plaintiff's failure to file defendants' waiver of service with the trial court within sixty days of filing her complaint resulted in a failure to commence the action before expiration of the statute of limitations. The trial court, while acknowledging plaintiff's failures, considered them technical errors that did not prejudice defendants and therefore denied defendants' motion for judgment on the pleadings. The trial court, however, was incorrect.

¶ 12. That defendants had notice of plaintiff's claim is of no moment. The issue here is not one of failure to give effective notice of plaintiff's claim, but instead whether plaintiff's failure to file defendants' waiver of service within the time required by the rules constituted a failure to properly commence plaintiff's

---

[1] V.R.C.P. 4 does not, however, include a provision analogous to F.R.C.P. 4(m), which allows the court to extend the time limit for service of process if a plaintiff, after failing to properly serve a defendant, "shows good cause for the failure." F.R.C.P. 4(m). Consequently, plaintiff's argument that the trial court in this case granted a "good cause" extension in accordance with that provision of the federal rule is inapposite.

action and toll the applicable statute of limitations. Cf. *Eagle Energy, Inc. v. Dist. 17, United Mine Workers of America*, 177 F.R.D. 357, 359 (S.D. W.Va. 1998) (under analogous federal rule, mailing of waiver of service was merely a request for waiver and failure to file that waiver resulted in expiration of statute of limitations). And, although defendants were amenable to waiver of service, plaintiff's attorney failed to satisfy the Rules of Civil Procedure. Thus, through no fault of defendants, the statute of limitations expired. See *Brady v. Brauer*, 148 Vt. 40, 44, 529 A.2d 159, 161 (1987) ("[T]he responsibility for any failure to fulfill the provisions of V.R.C.P. 4(d) and (e), if the opportunity was presented, must be borne by the plaintiff."); *Weisburgh*, 136 Vt. at 597, 396 A.2d at 1390 ("V.R.C.P. 4 places the responsibility for seeing to service squarely upon the plaintiff."). In some circumstances, a defendant may be estopped from asserting the bar of the statute of limitations, but only so long as the plaintiff reasonably relied upon the defendant's representations as an excuse for not instituting the action. See *Longe v. Boise Cascade Corp.*, 171 Vt. 214, 226, 762 A.2d 1248, 1258 (2000) (if party seeking relief allows statute of limitations to expire, absent circumstances sufficient to invoke equitable estoppel or equitable tolling, party has no right to relief); *McLaughlin v. Blake*, 120 Vt. 174, 180, 136 A.2d 492, 496 (1957). Here, there are no circumstances that would give rise to a claim of equitable tolling or equitable estoppel. Plaintiff merely failed to comply with the rules. Prejudice or lack thereof to defendants is inconsequential. See *Morrisseau v. Estate of Fayette*, 155 Vt. 371, 372, 584 A.2d 1119, 1119 (1990) (holding that V.R.C.P. 3 does not require a showing of prejudice before dismissal of action after plaintiff failed to comply with the rule).

¶ 13. As a result, the three-year limitations period established by 12 V.S.A. § 521 expired before plaintiff commenced

her action. We require plaintiffs to strictly comply with the rules when expiration of the statute of limitations is an issue. See *Powers v. Chouinard*, 138 Vt. 3, 4, 409 A.2d 598, 599 (1979) (action barred by three-year statute of limitations because plaintiff filed suit one day late). Consequently, plaintiff's claim against defendants is time barred.

¶ 14. Plaintiff propounds an alternative argument in a effort to avoid expiration of the limitations period prescribed by 12 V.S.A. § 521. In her brief to this Court, plaintiff contends that remand to the trial court is appropriate to enable her to amend her complaint to specifically allege fraudulent concealment of defendants' negligence. Under § 521, the limitations period does not limit a plaintiff's ability to recover damages for injuries arising out of any medical or surgical treatment or operation "where fraudulent concealment has prevented the patient's discovery of the negligence." *Id.* "If properly pleaded, fraudulent concealment can vitiate the statutory bar of the limitations defense." *S. Burlington Sch. Dist. v. Goodrich*, 135 Vt. 601, 606, 382 A.2d 220, 223 (1977), *overruled on other grounds by Univ. of Vt. v. W.R. Grace & Co.*, 152 Vt. 287, 289-91, 565 A.2d 1354, 1356-57 (1989). Allegations of fraud, however, must be pled with particularity. V.R.C.P. 9; *Silva v. Stevens*, 156 Vt. 94, 106, 598 A.2d 852, 859 (1991) (fraud pled with particularity provides defendant with sufficient information to enable her to effectively prepare a response).

¶ 15. In her complaint, plaintiff did not plead fraudulent concealment, but raised the issue for the first time in her responsive pleadings to defendants' motion for judgment on the pleadings. In those pleadings, plaintiff argued that paragraphs 26 and 27 of count IV of her complaint, which specifically alleged "Failure to Obtain Informed Consent," also alleged fraudulent concealment, and that this "fraudulent concealment of the complications and negligent treatment oc-

curred through October 1998," when plaintiff ended her treatment with defendants.[2] Plaintiff also averred that "[b]ecause of the fiduciary nature of the relationship between doctor and patient, the failure to disclose is by its very nature fraudulent whether fraud is intended or implied from the actions of the defendant." We are unpersuaded. In count IV, plaintiff placed defendants on fair notice of a claim for lack of informed consent, but not one of fraudulent concealment. See *Lane v. Town of Grafton*, 166 Vt. 148, 152-53, 689 A.2d 455, 457 (1997) (pleading under V.R.C.P. 8 is sufficient if it gives defendant "fair notice of the claim and the grounds upon which it rests"). In effect, plaintiff is attempting to transform the negligence standard embodied in the concept of informed consent into one of fraud. See 12 V.S.A. § 1909(a)(1) (lack of informed consent means failure to disclose to the patient treatment risks and alternatives "as a reasonable medical practitioner under similar circumstances would have disclosed"); *Small v. Gifford Memorial Hosp.*, 133 Vt. 552, 558, 349 A.2d 703, 707 (1975) (physician's failure to furnish necessary information is negligence). We decline to read the claim of negligence alleged in the complaint as one of intentional fraud. Plaintiff has therefore failed

---

[2] These allegations read:

26. Defendant failed to fully inform Plaintiff of all her post operative options for treatment of post operative complications.

27. Defendants [sic] failure to fully inform Plaintiff of potential operative complications and post operative options for treatment induced Plaintiff into treatment she would have not otherwise sought and caused her to forego post operative treatment, which because of the passage of time, is no longer a reasonable option for Plaintiff.

to articulate a viable claim of fraudulent concealment in the pleadings, and consequently, failed to make "other allegations that ... would toll the statute of limitations." *Fortier v. Byrnes*, 165 Vt. 189, 193, 678 A.2d 890, 892 (1996) (remanding for grant of leave to amend complaint where plaintiff made other allegations that, depending on facts not in the record, might toll the statute of limitations). Had plaintiff intended to bring an action for fraudulent concealment, she could have done so before the statute of limitations expired. This she did not do. As such, we decline to remand, and plaintiff's action is dismissed.

*Reversed, and the case is dismissed.*