Concord General Mutual Insurance Co. v. Madore, No. 507-11-03 Wmcv  (Carroll, J., June 17, 2004)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

### STATE OF VERMONT
### WINDHAM COUNTY, SS.

**CONCORD GENERAL MUTUAL**
**INSURANCE COMPANY,**
          **Plaintiff,**

**v.**                                                    **WINDHAM SUPERIOR COURT**
                                                          **DOCKET NO. 507-11-03 Wmcv**

**LEO MADORE, LINDA MADORE, &**
**T.M. (a minor) and TRACY DION &**
**T.S. (a minor),**
          **Defendants.**


### ORDERS ON PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

        In this declaratory judgment action, Plaintiff insurer seeks a declaration that it has no

potential liability, and thus no duty to defend, with respect to tort claims brought by Defendants

Dion and T.S. against Defendants Madore and T.M. for damages resulting from the sexual

molestation of T.S. by T.M.  As the homeowners' policy in question clearly excludes coverage

for personal injury "arising out of . . . sexual molestation of any person," the Court **GRANTS**

Plaintiff insurer's Motion for Judgment on the Pleadings.  It follows that the Motion for

Summary Judgment filed by Defendants Dion and T.S. must be **DENIED**.

### I.  Plaintiff's Motion for Judgment on the Pleadings

A motion for judgment on the pleadings should be granted if, viewing the pleadings favorably to the non-movant, the movant is entitled to judgment based on the pleadings as a matter of law. See Fercenia v. Guiduli, 2003 VT 50, Para. 6, 830 A.2d 55. For purposes of the motion, the Court considers as true all allegations in the pleadings of the non-moving party and all reasonable inferences that can be drawn from them; contrary assertions by the moving party are deemed false. Id.

Here, the pivotal issue is whether there is any possibility that Plaintiff insurer might be obligated to indemnify Defendants Madore and T.M. on any of the claims asserted in the underlying suit. See City of Burlington v. National Union Fire Ins. Co., 163 Vt. 124, 127 (1994). If so, the insurer has a duty to defend. Id. This is determined by comparing the allegations of the complaint in the underlying action to the terms of coverage in the policy. Id.

In the underlying complaint,[1] Defendants Tracy Dion and T.S. assert ten counts or causes of action against Defendants Madore and T.M.: intentional tort battery, intentional tort assault, intentional tort of false imprisonment, intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, negligent supervision, fostering and promoting an atmosphere in which child sexual abuse could and did take place, outrageous conduct, and loss of consortium. Each count includes and is based on the allegation that T.M. sexually molested T.S. from the summer of 1998 through the fall of 2001. As amended, the complaint in the underlying suit additionally includes in each count the allegation that T.M.'s acts also constituted lewd and lascivious behavior.

Defendants Madore had a homeowners' insurance policy with Plaintiff insurer from

_____

[1] Both the complaint in the underlying case and the policy have been incorporated into

September 16, 1997 through September 16, 2002. This policy explicitly excluded from coverage personal liability for bodily injury "arising out of . . . sexual molestation of any person." Section II(1)(k). Additionally, in a separate sub-section, the policy excluded from coverage personal liability for bodily injury "which is expected or intended by one or more 'insureds.'" Section II(1)(a).

The exclusion for bodily injury arising out of sexual molestation is clear, unambiguous and applicable here. Although ambiguities in a policy will be construed against the insurer, "policies which specifically and unambiguously exclude coverage are effective to preclude the insurer's liability." American Fidelity Co. v. Elkins, 125 Vt. 313, 315 (1965).

Defendants Dion and T.S. cite Northern Security Ins. v. Perron, 172 Vt. 204 (2001) for

the pleadings here.

the proposition that a sexual molestation exclusion cannot provide the basis for a denial of possible liability where the alleged molester is a minor. However, this argument reads far too much into Perron, which involved a sexual molestation by a minor but did not involve the applicability of a sexual molestation exclusion. Instead, the Court considered the applicability of an intentional injury exclusion to a sexual molestation by a minor; and in that context, the Court held that where the alleged molester is a young minor, intent to cause injury could not be inferred (as it can be when the alleged molester is an adult) and must be determined by the facts in a particular case. Thus, where the insurer is relying on an intentional injury exclusion, whether the child's acts of sexual molestation were intended to cause injury will generally be a question of fact precluding an early determination that the insurer has no possible liability, and thus no duty to defend. 172 Vt. at 216-18.

Despite the fact that <u>Perron</u> involved an intentional injury exclusion rather than a sexual molestation exclusion, Defendants suggest the <u>Perron</u> analysis controls applicability of the exclusion at issue here, either because the sexual molestation exclusion is merely a sub-set of the intentional injury exclusion, or because some showing of intent would be necessary to convict T.M. of sexual molestation. Contrary to Defendants' suggestion, however, the sexual molestation exclusion is not a sub-set of the intentional injury exclusion, but is a separate and independent exclusion. Moreover, the focus here is not on the technical legal requirements for conviction of a crime, but on the alleged acts which gave rise to the alleged injuries. It may be that a defendant cannot be convicted of sexual molestation because he or she was unable to form the necessary intent to coincide with the acts of sexual molestation; but the fact that the defendant cannot be convicted does not mean that the acts of sexual molestation (and the injuries

that arose from those acts) did not occur. Undefined terms in an insurance contract are to be taken in their plain, ordinary, and popular sense. Elkins, 125 Vt. at 315. The Court has no doubt that any reasonable reader of this exclusion would understand it to cover the injuries and acts alleged here.[2]

Thus, applicability of the sexual molestation exclusion does not require an intent to injure, and the Perron analysis is not controlling here. Indeed, if Defendants' suggestion were accepted, the sexual molestation exclusion would be totally redundant, since injuries from all acts of sexual molestation would already be excluded as intentional injuries.

---

[2] For this same reason, Defendants' addition of the phrase "lewd and lascivious conduct" cannot take their claims outside the scope of the exclusion. The alleged acts are the alleged acts, regardless of what legal term Defendants use to describe them; and whichever term is used, they fall within the plain meaning of sexual molestation.

Accordingly, the Court holds that the sexual molestation exclusion applies, and that Plaintiff is entitled to judgment as a matter of law.

## II. Defendants' Motion for Summary Judgment

Again relying on their overly broad reading of Perron and their erroneous importation of an intent requirement into the sexual molestation exclusion, Defendants Dion and T.S. argue that since T.M. was too young to intend injury as a matter of law, they should be granted summary judgment on the issue of the inapplicability of sexual molestation exclusion. The Court finds the proposition that T.M. was too young to intend injury as a matter of law questionable. Even if the Court were to accept that proposition, however, Defendants' argument would have to fail since the Court has held that an intent to injure is not necessary for the sexual molestation exclusion to apply.

## **ORDERS**

Plaintiff's Motion for Judgment on the Pleadings is **GRANTED**.

Defendants' Motion for Summary Judgment is **DENIED**.

Dated:

_____
Karen R. Carroll
Presiding Judge