Vermont Dept. of Taxes v. Marshall, No. S0819-04 CnC  (Norton, J., Aug. 2, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                                SUPERIOR COURT
Chittenden County, ss.:                          Docket No. S0819-04 CnC

VERMONT DEPARTMENT OF TAXES

v.

MARSHALL

ENTRY

Defendant Taxpayer moves the court for relief from its earlier default judgment based, in part, on its denial of his motion to dismiss for the State's failure to serve him within the 60-day extension available under V.R.C.P. 3 for the statute of limitations.

Prior to this present lawsuit, the State received a judgment in its favor against Taxpayer on July 12, 1996. On July 9, 2004, the State filed a complaint to renew its judgment. Under 12 V.S.A. § 506, the statute of limitations for a renewal of judgment, the State had eight years from the initial judgment to file its renewal. That meant that the statute of limitations on its claim expired on or about July 12, 2004. Neither party disputes that the present case was timely filed or that the State received three extensions under V.R.C.P. 6(b) to serve Taxpayer for the purposes of V.R.C.P. 3. Taxpayer was eventually served on December 9, 2004.

What the parties dispute is the effect Rule 6(b) can have on the statute of limitations. Rule 3 explicitly extends a statute of limitations that expires during the period of service to the end of that 60 days. Rule 6 does not have a similar provision. Instead, Rule 6 can only extend time to complete Rule 3's period for timely, procedural service. The difference is subtle but important. In the days after the July 9 filing, there were two time limits approaching. The first was the 60-day period under Rule 3 in which the State had to serve Taxpayer to effectuate timely service. The second was § 506's eight-year limit, which would have expired on July 12 but was extended by Rule 3 to September 7. When the State filed for an extension through Rule 6(b), it was asking to extend the former time limit, but there is nothing in Rule 6(b), which suggests that it may also extend the separate statute of limitations deadline.

While Rule 3 does permit tolling of the statute of limitation, it does so only when timely service is accomplished. Weisburgh v. McClure Newspapers, Inc., 136 Vt. 594, 595 (1979). In contrast, Federal Rule 6(b), on which V.R.C.P. Rule 6(b) is taken, does not permit courts to enlarge statutes of limitation. E.g., United States ex. rel. Tenn. Valley Auth. v. Easement & Right-of-Way Over Certain Land in Cumberland County,

Tennessee, 386 F.2d 769, 771–72 (6th Cir. 1967) (distinguishing between a jurisdictional condition created by statute and a procedural limitation to which Rule 6 addresses);  Hammons v. Int'l Playtex, Inc., 676 F. Supp. 1114, 1118 (D.Wyo. 1988), vacated and remanded by party stipulation, 872 F.2d 963 (10th Cir. 1989) (reasoning that the 60 days under Rule 3 was an "integral part of the statute of limitations" and any enlargement would frustrate its policies); 4B C.Wright & A.Miller, Federal Practice and Procedure § 1165, at 519–20 (2002); cf. Poulos v. Wilson, 116 F.R.D. 326 (D.Vt. 1987) (granting a Rule 6(b)(2) motion when defendant was served 1 day after the time for Rule 3 service lapsed but 8 days before statute of limitations ran).  In the Federal system, extensions for service of process are explicitly given under F.R.C.P. 4(m).  As the Vermont Supreme Court has noted, this provision was not included in the Vermont version and is not available for the State to use.  Fercenia v. Guiduli, 2003 VT 50, ¶ 10, n.1 (mem.).

The State's Rule 6(b) motions were not merely for Rule 3 purposes but to preserve their claim beyond the statute of limitations so that they could then effect proper service.  Such a use of Rule 6(b) cannot be granted, regardless of any excusable neglect or equitable considerations. Id. at ¶¶ 10, 12 ("That defendants had notice of plaintiff's claim is of no moment. The issue here is . . . whether plaintiff's failure to file defendants' waiver of service within the time required by the rules constituted a failure to properly commence plaintiff's action and toll the applicable statute of limitations.").

While this result may appear somewhat draconian, it is rooted in the twin functions of Rule 3.  See Powers v. Chouinard, 138 Vt. 3, 4 (1979) (dismissing case because service was made one day late).  Service of process not only notifies the defendant of the complaint and its terms but

also exacts physical jurisdiction over the defendant.  4A C.Wright & A.Miller, Federal Procedure & Practice § 1094, at 511 (2002).  By failing to serve Taxpayer within the time allowed under Rule 3, the State failed to effect jurisdiction.  To paraphrase the Sixth Circuit Court of Appeals, the time limitation of § 506 is a part of a statute creating the cause of action and establishing jurisdiction.  This time limitation operates as a jurisdictional condition as distinguished from a procedural limitation.  For this reason, Rule 6(b), relating to procedural time periods, has no application.  United States, 386 F.2d at 771.  While the Rule 6(b) extensions may have cured the first defect, they simply could not address the second.  This was, moreover, the State's responsibility for which they bore the burden and must bear the responsibility.  Weisburgh, 136 Vt. at 497;  Brady v. Brauer, 148 Vt. 40, 44 (1987) ("[Plaintiffs have] the responsibility for any failure to fulfill the provisions of V.R.C.P. 4(d) and (e) . . .").  Therefore, notwithstanding this court's prior grant of a Rule 6(b) extension, the State's service on Taxpayer was untimely under § 506.

Based on the foregoing, Defendant's motion for relief from this court's June 7, 2005 default judgment is granted.  Case is dismissed.


Dated at Burlington, Vermont_____, 2005.




_____
Richard W. Norton, Judge