*McClellan v. Haddock et al.*, 482-5-15 Cncv (Toor, J., Nov. 30, 2015).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
CHITTENDEN UNIT
CIVIL DIVISION

|  |  |
|---|---|
| ESTELLA MCCLELLAN, ADMINISTRATOR OF THE ESTATE OF BETTY JO MCCLELLAN<br>  Plaintiff<br><br>v.<br><br>JEFFREY E. HADDOCK, M.D., et al.,<br>  Defendants | Docket No. 482-5-15 Cncv |

RULING ON MOTION TO DISMISS and MOTION TO AMEND

This is a wrongful death case alleging medical malpractice. Defendants move to dismiss based upon Plaintiff's failure to file a certificate of merit with the complaint as required by 12 V.S.A. § 1042. Oral argument was held on the motion on November 23. William Durrell, Esq. represents Plaintiff; Craig Nolan and Kevin Lumpkin, Esqs. represent Defendants.

Facts

Betty Jo McClellan died on May 18, 2013. The complaint in this case was filed on May 15, 2015. 12 V.S.A. § 1042 requires that the attorney file a "certificate of merit" at the time the complaint is filed. It must state that the lawyer has consulted with a qualified health care provider who has:

> (1) described the applicable standard of care;
>
> (2) indicated that based on reasonable available evidence, there is a reasonable likelihood that the plaintiff will be able to show that the defendant failed to meet that standard of care; and

(3) indicated that there is a reasonable likelihood that the plaintiff will be able to show that the defendant's failure to meet the standard of care caused the plaintiff's injury.

12 V.S.A. § 1042(a). It is undisputed that no separate certificate of merit was filed with the complaint. However, the statute also has a safe harbor provision stating as follows:

Upon petition to the clerk of the court where the civil action will be filed, an automatic 90-day extension of the statute of limitations shall be granted to allow the reasonable inquiry required by this section.

Id. § 1042(d). Thus, Plaintiff had the right to request an automatic extension of the limitations period to August 18, 2015. However, she did not do so. Instead, on August 4, after Defendants filed the motion to dismiss, Plaintiff filed a motion to amend the complaint to include the required certificate of merit.

## Law

Defendants argue that the case must be dismissed because the statute of limitations expired on May 18 without the filing of a certificate of merit or a request to invoke the 90-day tolling provision. Plaintiff does not dispute the fact that the limitations period would expire on May 18, 2015 unless tolled. However, Plaintiff argues that (1) the allegations of the complaint were the equivalent of a certificate of merit, (2) Defendants had already been given the expert's preliminary opinion prior to the complaint being filed, so no certificate was needed, and (3) under Rule 15, the amendment of the complaint to add the certificate relates back to the date of initial filing. In addition, in response to an inquiry from the court, Plaintiff also argues that the court can treat the motion to amend as a request to invoke the 90-day tolling provision.

### 1. Equivalency of the Complaint

The complaint does state that it is based upon "evidentiary support now known and that which will be known" after discovery, and it alleges a breach of the standard of care, but it does

2

not state that a doctor has "described the applicable standard of care" or that a doctor has given an opinion to a reasonable degree of medical certainty. It does not even say that any doctor has been consulted. Thus, even if it could be construed as equivalent to a "certificate" because it is signed by the lawyer pursuant to Rule 11, it does not contain all that the certificate is required to contain.

## 2. The Preliminary Report

Plaintiff argues that the information she provided to Defendants before filing the motion to amend was the equivalent of the mandated certificate. Defendants concede that Plaintiff provided them with a one-page preliminary report of a doctor prior to the filing of the complaint. However, they argue that the opinion lacks, among other things, (1) any statement as to what constitutes the applicable standard of care, and (2) whether there is a "reasonable likelihood that the plaintiff will be able to show that the defendant's failure to meet the standard of care caused the plaintiff's injury." 12 V.S.A. 1042(a)(3). The court agrees that these required elements of the certificate are lacking from the one-page evaluation. While the report says "special care should have been taken to minimize the risk of later addiction and/or overdose," it fails to say what that care should have involved. Likewise, although the evaluation says that many of the prescriptions given to the decedent "likely contributed in a major way" or "possibly directly caused" her death, this is insufficient. First, "possibly" cannot meet the plaintiff's burden of proof. Second, the evaluation does not tie those very general statements to what standard of care was violated. Thus, even if providing a doctor's report to the Defendants could be treated as the equivalent of filing a certificate with the court, the information provided here was inadequate to do so.[1]

---

[1] Plaintiff's counsel represented at oral argument that he actually had a *second* doctor who had reviewed the case prior to its filing and rendered an opinion supporting the claim. The court accepts that representation, but does not see its relevance to the issue here. The point is not for the court to make a case by case analysis of whether a lawyer had a

### 3. Amendment of the Complaint to Add the Certificate

The requirement of a certificate of merit is new in Vermont as of 2013, and our Supreme Court appears not to have addressed it as yet.[2] As Defendants point out, some other jurisdictions have strictly enforced such requirements, treating complaints lacking such certificates as void. *See, e.g.*, Washoe Med. Ctr. v. Second Judicial Dist. Court of State of Nev., 148 P. 3d 790 (Nev. 2006); Scarsella v. Pollak, 607 N.W. 2d 711 (Mich. 2000). Under such an analysis, because the complaint is "void ab initio," it "does not legally exist and thus it cannot be amended." Washoe, 148 P. 3d at 794. It also cannot toll the running of the statute of limitations. If this approach is applied, the statute of limitations would have expired here on May 18, long before the August motion to amend.

The Nevada statute at issue in Washoe directed that when a complaint was filed without the required certificate "the district court shall dismiss the action . . . ." Id. at 793. The court distinguished this from the predecessor statute, which stated that the action "was *subject to* dismissal," which it found meant that the complaint was "not automatically void, but that it may be dismissed." Id. (emphasis in original). Thus, the court had interpreted the earlier statute as allowing amendment but found that the directory nature of the new statute barred any amendment.

Our statute does not support the conclusion that non-compliant complaints are void from the start. It says that the lack of a certificate of merit "shall be grounds for dismissal," but does not expressly *mandate* dismissal. 12 V.S.A. § 1042(e). To the contrary, it permits the court to make an exception if it decides that the case is one that does not require expert testimony. Id. Thus, the court concludes that the Washoe "void ab initio" analysis does not apply.[3] The court therefore

---

good faith basis to file the case. The issue is whether the lawyer complied with the statutory requirement to file a certificate so stating.

[2] Plaintiff's counsel candidly admitted at oral argument that he did not file such a certificate because he was unaware of the statute.

[3] Moreover, as one dissent in Washoe argued, one can also interpret even the current Nevada law as "render[ing] the noncompliant complaint voidable and still pending until dismissed." Id. at 796 (Maupin, J., dissenting).

rejects Defendants' claim that there is no possible way the statute of limitations could be tolled here.

The question, then, is whether either Rule 15—which addresses the relation back of amendments—or the 90-day safe harbor provision can assist Plaintiff here. The court does not find Rule 15 to be applicable, because despite Plaintiff's attempt to couch the certificate as an amendment to the complaint, it is actually a separate document that is required by the statute. This is not a question of amending a claim to add some new facts or new legal theories, or to correct names of parties, all of which might relate back to the date of filing. The certificate is not a claim against the defendants. It is a separate statutory requirement entirely independent of the complaint itself.

The issue, as the court sees it, is instead whether the filing of the certificate within the 90-day period is the equivalent of invoking the 90-day period at the start. Defendants argue that it is not, because the 90-day tolling provision must be requested *before* filing the complaint, not after. This is based upon the language of the statute, which says that the petition is made to the clerk of the court "where the action *will* be filed[.]" 12 V.S.A. § 1042(d) (emphasis added).

The court agrees. As courts around the country have noted, the point of requiring certificates of merit is to avoid frivolous malpractice claims. *See, e.g.*, State v. Nieto, 993 P.2d 493, 502 (Colo. 2000); Bell v. Phoebe Putney Health Sys., Inc., 614 S.E.2d 115, 118 (Ga. Ct. App. 2005); Horn v. Boyle, 699 N.Y.S.2d 572, 575 (N.Y. App. Div. 1999); Hinchman v. Gillette, 618 S.E.2d 387, 394 (W. Va. 2005). The only legislative history either party cites here supports the same conclusion. Vermont Secretary of Administration, Medical Malpractice Reforms Report and Proposal of the

5

<u>Secretary of Administration</u>, p. 11 (January 30, 2012)[4] (Noting that certificate requirements are designed to "avoid subjecting physicians to lawsuits by plaintiffs who have no evidence to support their cases."). To allow complaints to be filed without such certificates, and then a 90-day period to supplement them, would undercut that goal because frivolous complaints could still be filed even if the plaintiffs were then unable to find any expert support for their theories. <u>Id</u>. at 12 (Recommending simultaneous filing to assure that "the 'screening' of unsupported claims occurs before a plaintiff actually files a case against a physician."). In the interim 90 day period, a defendant would be put to the burden of hiring a lawyer, filing an answer, having a publicly available court case pending against him or her, and undergoing the stress of being the subject of a lawsuit. The fact that the case would then get dismissed if plaintiff could not find an expert to support a certificate would not eliminate all of those impacts. <u>Id</u>. at 11 ("[F]rom the perspective of many physicians, eventual dismissal of a case that has no merit is an inadequate remedy for the stress of being named in a malpractice case in the first place.").

This interpretation of the 90-day period as coming *before* the filing of the complaint is reinforced elsewhere in the statute:

> *No civil action shall be filed* to recover damages resulting from personal injury or wrongful death occurring on or after February 1, 2013, in which it is alleged that such injury or death resulting from the negligence of a health care provider, unless the attorney or party filing the action files a certificate of merit *simultaneously with the filing of the complaint.*

12 V.S.A. § 1042(a) (emphasis added). This could hardly be clearer. There is simply no way to read "simultaneously" as saying the complaint may be filed first and the certificate filed within 90 days thereafter. As the court noted in <u>Scarsella</u>:

---

[4] Available at http://hcr.vermont.gov/sites/hcr/files/Medical%20Malpractice%20Reforms%201312012.pdf as of October 20, 2015.

> Were we to accept plaintiff's contention, medical malpractice plaintiffs could routinely file their complaints without an affidavit of merit, in contravention of the court rule and the statutory requirement, and "amend" by supplementing the filing with an affidavit at some later date. This, of course, completely subverts the requirement . . . that the plaintiff "shall file with the complaint an affidavit of merit," as well as the legislative remedy . . . allowing a twenty-eight-day extension in instances where an affidavit cannot accompany the complaint.

607 N.W. 2d at 713.

Had our legislature intended to allow plaintiffs to file complaints and then supplement them later, it would have been easy to say so. *See, e.g*., Colo. Rev. Stat. § 13-20-602 (certificate required within 60 days after service of complaint); Md. Code Ann., Cts. & Jud. Proc. § 3-2A-04 (filing due within 90 days after complaint is filed).That is, however, not what our statute says. Certificates of merit are mandated at the time the complaint is filed. While this leads to a harsh result in this case, our Supreme Court has made clear that "[w]e require plaintiffs to strictly comply with the rules when expiration of the statute of limitations is an issue." Fernecia v. Guiduli, 2003 VT 50, ¶ 13, 175 Vt. 541.

<u>Order</u>

The motion to dismiss is granted. The case is dismissed with prejudice due to the expiration of the statute of limitations. The motion to amend is moot.

Dated at Burlington this 30th day of November, 2015.

_____
Helen M. Toor
Superior Court Judge

7