*Messier v. Bushman*, No. 34-1-17 Wncv (Teachout, J., Nov. 22, 2017).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                                  **CIVIL DIVISION**
**Washington Unit**                                                 **Docket No. 34-1-17 Wncv**

**MICHAEL D. MESSIER**
    **Plaintiff**

    **v.**

**KAY H. BUSHMAN and THE STANDARD**
**FIRE INSURANCE COMPANY d/b/a TRAVELERS,**
    **Defendants**

### DECISION
**Mr. Messier's Motion for Relief from Judgment, filed Sept. 8, 2017**
**Mr. Messier's Second Motion for Extension of Time, filed Sept. 15, 2017**
**Travelers' Motion to Confirm Judgment, filed Sept. 18, 2017**

This is a tort case arising out of an automobile collision involving Plaintiff Michael Messier and Defendant Kay Bushman. In an August 10, 2017 decision, the court granted judgment on the pleadings to Ms. Bushman because Mr. Messier failed to properly serve her with process within the statute of limitations. The court also dismissed the Consumer Protection Act claim against Travelers, her insurer. The court entered judgment as to both the same day. On September 8th, Mr. Messier filed a motion seeking an extension of time to file a notice of appeal. He did not identify good cause or excusable neglect in support of an extension, and the court denied the motion on September 15. He filed a notice of appeal on that day.

With his notice of appeal, Mr. Messier filed a second motion for an extension of time. He had previously filed a Rule 60(b) motion for relief from judgment at the time of his first motion for an extension of time to file a notice of appeal. Travelers has filed a motion to "confirm" the judgment by which it appears to seek assurance that there was no timely appeal, that Mr. Messier's Rule 60(b) motion is not addressed to Travelers, and that Travelers therefore no longer needs to participate in this case.

*Second motion for an extension*

In Mr. Messier's first motion for an extension, his counsel stated, without further explanation, that he did not receive the August 10th decision until September 6th. In denying the motion, the court noted that court records show that it was e-mailed to him on August 10th. In support of the second motion, counsel has sworn that the first time he received the decision was when he called the court on September 6th and it was e-mailed to him during that phone call. It is unclear how or why the decision could have been e-mailed from the court on August 10th but never received in counsel's e-mail account. However, the court will accept counsel's representation. Based on his representation of lack of receipt until September 6th, the court concludes that there was good cause for an extension. Mr. Messier's second motion for an

extension is granted.  His notice of appeal will be considered timely filed.

*Motion for Relief from Judgment*

Mr. Messier's Motion for Relief from Judgment is in the nature of a Rule 59(e) motion, although he labeled it as a Rule 60(b) motion.  The court will treat the motion as filed under Rule 59(e) and consider that it was filed in a timely manner in that it was filed within 2 days of September 6th.

A Rule 59(e) motion "allows the trial court to revise its initial judgment if necessary to relieve a party against the unjust operation of a record resulting from the mistake or inadvertence of the court and not the fault or neglect of a party."  *N. Sec. Ins. Co. v. Mitec Elecs., Ltd.*, 2008 VT 96, ¶ 41, 184 Vt. 303 (citation omitted).

Mr. Messier argues that the court erred in three ways: (1) by granting judgment on the pleadings, rather than dismissing, the court improperly made 12 V.S.A. § 558 inaccessible to Mr. Messier; (2) the court improperly relied on extra-pleading materials in analyzing the effectiveness of service; and (3) the court failed to consider the possibility of tolling pursuant to 12 V.S.A. § 552.  Mr. Messier raises each of these issues for the first time post-judgment.

*12 V.S.A. § 558*

Regardless of whether the court should have dismissed rather than having granted judgment on the pleadings, nothing in the record suggests that 12 V.S.A. § 558 applies to this case and Mr. Messier does not explain how it could.

Section 558 provides, in relevant part, as follows:

> (a) The plaintiff may commence a new action for the same cause within one year after the determination of the original action, when the original action has been commenced within the time limited by any statute of this state, and the action has been determined for any of the following reasons:
> (1) Where the action is dismissed for insufficiency of process caused by unavoidable accident or by default or neglect of the officer to whom process was committed.

12 V.S.A. § 558(a).

The decision here did not depend on any unavoidable accident or the default or neglect of the process server.  Counsel for Plaintiff simply failed to ensure that he fully complied with all the requirements for effective service.  "The benefits of this statute are available only to those coming within its provisions." *Weisburgh v. McClure Newspapers, Inc.*, 136 Vt. 594, 596 (1979).

2

*Extra-pleading materials*

Mr. Messier argues that it was improper for the court to rely on the *uncontested* allegations of Defendant's mother to establish the date Ms. Bushman received actual notice of this lawsuit. Plaintiff argues that no extra-pleading materials are proper when evaluating the sufficiency of service of process under Rule 12. This is incorrect. Extra-pleading materials may be used to determine the sufficiency of service of process under Rule 12. 5B Wright & Miller, et al., Federal Practice & Procedural: Civil 3d § 1353.

With regard to the allegations in the disputed affidavit, Mr. Messier asserts: "The Plaintiff has a very different and contrary version of events but he was never asked about it. And he should have been." Motion for Relief from Judgment 3 (filed Sept. 8, 2017). Whatever that contrary version of events may be, he did not come forward with it before the decision and he makes no proffer now. This is insufficient to call the decision into question.

*12 V.S.A. § 552*

Mr. Messier argues that 12 V.S.A. § 552, which tolls limitations periods under certain circumstances when a person is "absent from and resides out of the state," *might* apply in this case and the court ruled without considering whether it does. The court did not address § 552 in its decision because Mr. Messier did not raise it. He raises it now, but offers no analysis to show that it actually applies. It does not.

Ms. Bushman was out of the state during part of the limitations period on a temporary academic semester abroad. She had not relocated to some out of state residence. Residence for purposes of § 522 requires an out of state domicile or something close to it. As the Court explained long ago:

> It seems to us, that all, which it is important to determine, is, whether the defendant, at that time, left any domicil in this state. If not, he must be taken to "be absent from and reside out of the state," in the language of the statute. This question of domicil may possibly be viewed differently with reference to different subjects. But the consideration, which must have operated upon the legislature in so framing the statute in this case, seems to us to have been what is suggested by counsel,—whether the defendant's domicil in this state was so broken up, that it would not have been competent to serve process upon him, by leaving a copy there. And for that purpose, it seems to us, there must be some place of abode, which his family or his effects exclusively maintain in his absence, and to which he may be expected soon, or in some convenient time, to return, so that, a copy being left there and notice in fact proved, the plaintiff may take a valid judgment.

*Hackett v. Kendall*, 23 Vt. 275, 278 (1851). Ms. Bushman never lacked a Vermont residence as described in *Hackett*. Section 522 does not apply in this case.

3

*Traveler's Motion to Confirm Judgment*

Traveler's motion to confirm the judgment depended on the untimeliness of Mr. Messier's notice of appeal. The court now has granted his motion for an extension, making the filing of the notice of appeal timely. The motion to confirm is moot.

ORDER

For the foregoing reasons:

(a) Mr. Messier's Motion for Relief from Judgment is *denied*;
(b) Mr. Messier's Second Motion for Extension of Time is *granted*; and
(c) Travelers' Motion to Confirm Judgment is *denied as moot*.

Dated at Montpelier, Vermont this _____ day of November 2017.


_____
Mary Miles Teachout
Superior Judge