VERMONT SUPERIOR COURT
Windsor Unit
12 The Green
Woodstock VT  05091
802-457-2121
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 24-CV-00631



Adriana Cunha-Salomon and Gabriel Evensen
     Plaintiffs

v.

Williamson Group, LLC d/b/a Williamson Group Sotheby's International Realty
     Defendant

<u>Decision on Defendant's Motion to Dismiss</u>

On February 15, 2021, plaintiffs Adriana Cunha-Salomon and Gabriel Evensen bought real property in Barnard. Several months later, they discovered that a neighbor held an easement across the property. Plaintiffs filed and resolved a claim with their title insurer for devaluation of the property. On February 14, 2024, plaintiffs filed this civil action against the seller's listing agent for invasion of privacy and negligent infliction of emotional distress. At issue is whether plaintiffs commenced the action within the time provided by Vermont Civil Procedure Rule 3.

It appears that, after filing the complaint, plaintiffs sent "a complaint, summons and other documents" by mail to defendant, and requested that defendant "appear before the court within 30 days." It is not clear whether a waiver of service was amongst the documents sent by plaintiffs. Attorney Cooley responded to the mailing and advised plaintiffs that she was representing defendant, and directed plaintiffs' attention to the pre-suit mediation requirement of the purchase-and-sale agreement. Cf. *Kinahan v. Gulli*, No. 21-CV-03725, 2023 WL 7548708, at *5–6 (Vt. Super. Ct. July 26, 2023) (Tomasi, J.) (explaining and enforcing the pre-suit mediation requirement in a dispute arising out of a real-estate purchase-and-sale agreement). Attorney Cooley requested that plaintiffs withdraw their complaint and submit the matter to mediation instead.

A mediation occurred in May 2024, but plaintiffs never withdrew their complaint. Instead, plaintiffs received a letter from the court in June 2024 advising them that the case would be dismissed for lack of progress if plaintiffs did not file proof of service within 30 days. Plaintiffs then wrote to Attorney Cooley and requested that she file an appearance with the court. Attorney Cooley declined to do so. Plaintiffs then filed a "motion for instructions" with the court, asking the court to interpret Attorney Cooley's prior letter about the pre-suit mediation requirement as proof of service, and furthermore asking the court to order Attorney Cooley to enter a notice of appearance and file an answer. Plaintiffs thereafter served the complaint upon defendant on July 12, 2024, whereupon defendant filed the present motion to dismiss based upon untimely service.

In general, the rule is that a summons and a complaint must be served upon the defendant within 60 days after the filing of the complaint. Vt. R. Civ. P. 3(a). It is the plaintiff's responsibility to complete service within the required time. If service is not timely made, "the action may be dismissed on motion." *Id*. A defendant who is not timely served may elect to waive the motion, *Dartmouth College v. Kozaczek*, 2010 VT 113, ¶ 2, 189 Vt. 593 (mem.), but if the motion is made, no showing of prejudice is required. *Fercenia v. Guiduli*, 2003 VT 50, ¶ 12, 175 Vt. 541 (mem.); *Morrisseau v. Estate of Fayette*, 155 Vt. 371, 372 (1990). In this context, late is late, and there is not a grace period for service that is made somewhat after the time required. *Fercenia*, 2003 VT 50, ¶ 13; *Powers v. Chouinard*, 138 Vt. 3, 4 (1979). Here, plaintiffs served the summons and complaint upon defendant 149 days after the complaint was filed. This was not timely under the rule, and defendant is entitled to dismissal for that reason. *Fercenia*, 2003 VT 50, ¶ 13; *Morrisseau*, 155 Vt. at 372; *Weisburgh v. McClure Newspapers, Inc*., 136 Vt. 594, 595 (1979).

Plaintiffs argue that an exception should be made to account for the various communications they had with Attorney Cooley. One possible exception might be the doctrine of equitable estoppel, which applies in cases where a defendant induces a plaintiff to delay service and then seeks dismissal based upon that delay. See, e.g., *Beebe v. Eisemann*, 2012 VT 40, ¶¶ 13–16, 192 Vt. 613 (mem.) (describing elements and application of the exception). It does not appear that this is such a case. Plaintiffs wrote to Attorney Cooley and requested that she waive service. Attorney Cooley was not required to agree to that request, 4A Wright & Miller, Federal Practice and Procedure: Civil 4th § 1092.1, and she did not do so. Instead, she requested that plaintiffs withdraw the complaint and participate in pre-suit mediation, as required by the purchase-and-sale agreement. In other words, defendant responded to the notice of suit by insisting that plaintiffs honor a contractual agreement meant to facilitate dispute resolution before complaints are filed and litigation costs incurred. No unfair inducement thereby transpired.

Another possible exception might be to grant plaintiffs an extension of time within which to make service. See, e.g., Vt. R. Civ. P. 6(b); *Clark v. Baker*, 2016 VT 42, ¶ 15, 201 Vt. 610; *Bessette v. Dep't of Corrections*, 2007 VT 42, ¶ 10, 182 Vt. 1. At the earliest, a motion to this effect (if the motion for instructions is construed as such a motion) was not filed until 133 days after the complaint was filed, and so plaintiffs' burden would be to demonstrate good cause for the extension of time and "excusable neglect" as to why the extension was not requested within the original 60-day time period. Vt. R. Civ. P. 6(b)(1)(B); *Gray v. Jones Lang LaSalle America, Inc.*, No. 23-CV-02999, 2023 WL 7309305, at *2 (Vt. Super. Ct. Oct. 4, 2023) (Corbett, J.). Here, there is neither good cause nor excusable neglect, because the explanation for delay appears to be related to plaintiffs' failure to follow the contractual pre-suit mediation requirement before filing the civil action. It was "totally within the control" of plaintiffs to follow contractual requirements regarding pre-suit mediation before filing suit, and thereafter to follow the applicable civil procedural rules. *In re Lund*, 2004 VT 55, ¶ 6, 177 Vt. 465 (mem.); *In re Town of Killington*, 2003 VT 87A, ¶ 17, 176 Vt. 60. For these reasons, an extension of time is not warranted under the circumstances of this case.

Plaintiffs also argue that dismissal would be unfair because defendant had notice of the lawsuit as of March 2024. In this context, however, notice and service are not equivalent, and first-class mail sent to a party's attorney is not service. *Fercenia*, 2003 VT 50, ¶ 12. The rules require that personal service be made, and that proof of service be filed within a particular period of time in order for the commencement of the case to be effective. Compliance with the rules is expected especially when

"expiration of the statute of limitations" may be an issue. *Id.*, ¶ 13. The rules were not followed in this case.

Plaintiffs finally argue that dismissal is not appropriate because the return of service was filed within the time provided by the court's lack-of-progress notice. Here, two different rules and situations are involved, and the rules are independent. The first rule is a rule of commencement, and it is described above: a plaintiff must serve a complaint upon a defendant within 60 days after the case is filed or the case may be dismissed upon motion of the defendant. Especially in cases involving statutes of limitation, this rule helps to define whether the filing of the complaint was effective in tolling the limitations period as of that filing date. *Fercenia*, 2003 VT 50, ¶ 9. The second rule is a rule of progress, and it allows a court to dismiss a case upon its own initiative if service has not been made within 90 days of filing the action. Vt. R. Civ. P. 41(b)(1)(ii); *Gamache v. State*, No. 22-AP-017, 2022 WL 1515054, at *2 (Vt. May 2022) (unpub. mem.). The purpose of the latter rule is to enable the court to manage its docket and to dispense with cases in which it cannot proceed due to lack of service upon the defendant. The second rule does not apply in cases where, as here, the defendant has appeared and filed a motion to dismiss. A plaintiff's compliance with the court's lack-of-progress notice does not prevent a court from granting a defendant's motion to dismiss.

For these reasons, the above-captioned complaint is dismissed. It is not clear whether the self-represented litigants' complaint seeks damages only for emotional distress or whether the allegations include some component of economic harm. As such, the court declines to evaluate, under the present procedural posture, whether the dismissal bears upon the applicable statute of limitations. *Fitzgerald v. Congleton*, 155 Vt. 283, 291–92 (1990).

**ORDERS**

(1) Plaintiff's Motion for Instructions (Motion #1) is denied;

(2) Defendant's Motion to Dismiss (Motion #2) is granted in part and denied in part;

(3) Defendant's Second Motion to Dismiss (Motion #3) is denied as moot; and

(4) The above-captioned complaint is dismissed without prejudice.

Electronically signed on Tuesday, September 24, 2024 pursuant to V.R.E.F. 9(d).

H. Dickson Corbett
Superior Court Judge

Vermont Superior Court
Filed 09/26/24
Windsor Unit