## Town of Colchester v. Gerard Brault

[313 A.2d 29]

No. 138-72

Present: Barney, Smith, Keyser and Daley, JJ., and Gibson, Supr. J.

Opinion Filed December 4, 1973

*Robert C. Roesler, Esq.,* of *Dinse, Allen & Erdmann,* Burlington, for Plaintiff.

*John P. Ambrose, Esq.,* of *Burgess & Kilmurry,* Montpelier, for Defendant.

**Barney, J.** The defendant was defaulted below and appeals. The action was commenced by the plaintiff by service on the

defendant on December 18, 1969, who thereafter timely entered his appearance. The original process contained an application for a temporary injunction, which was heard on January 6, 1970, and denied on January 14, 1970. Thereafter, no further action took place in the case until June 28, 1972, when the plaintiff filed a proposed amendment to its original bill of complaint. No answer had ever been filed by the defendant.

The matter was brought on for hearing the very next day. The court advised the plaintiff that if the proposed amendment to the complaint was withdrawn, the court would enter up judgment by default in favor of the plaintiff. The plaintiff complied and, by order dated July 21, 1972, default was entered against the defendant, citing V.R.C.P. 55.

The defendant asks that this action be reviewed, also citing V.R.C.P. 55, particularly Rule 55(b)(2) and (3). These sections require three days notice prior to hearing on default, as well as compliance with Article I of the "Soldiers' and Sailors' Civil Relief Act."

The judgment must be set aside. The very passage of two years that would seem to acerbate the default also would tend to require some sort of reviving notice if further action was to be had in this matter. Under V.R.C.P. 41(b)(1), this cause was ripe for dismissal by the trial court. The litigation had been neglected by both sides. Under such circumstances, to dispense with what little notice of default V.R.C.P. 55(b)(2) provides so impinges on the basic right of notice and opportunity to be heard as to be error.

*Reversed and remanded.*