**Pizzano Construction Company, Inc. and Aldo J. Leonesio, d/b/a Aldo's**

**v.**

**George E. Hadwen and Marie Hadwen**

[346 A.2d 224]

No. 202-74

Present: Barney, C.J., Smith, Daley and Larrow, JJ. and Keyser, J. (Ret.), Specially Assigned

Opinion Filed October 7, 1975

*William C. Sennett, Esq.*, Bennington, for Plaintiffs.

*Margaret Lillie*, Bennington, for Defendants.

**Daley, J.** Pizzano Construction Company, Inc., as general contractor, and Aldo Leonesio, d/b/a Aldo's, as subcontractor, brought a civil action in Bennington Superior Court seeking recovery for labor and materials expended in the painting and redecorating of defendants' home. The defendants answered by way of general denial as to liability and damages. In their answer and amended answer, the defendants also asserted counterclaims against the plaintiff Pizzano. The amended answer set forth the defense of lack of consideration for failure of the plaintiffs to fully perform their alleged oral agreements contained in their complaint. The second counterclaim in the amended answer alleged negligent performance as well as breach of warranty.

The cause was set for hearing by the court on January 25, 1974, at 9:30 a.m. Notice of the date and time of hearing was not given directly to the defendants or their attorney. The only hearing notice was an oral one transmitted by the court clerk to the attorney's office in the state of New York on January 24, 1974. On that date, the attorney was away from his office engaged in a court trial in New York state and did not see his secretary's note of the clerk's call until the next day after the time set for the hearing.

When neither the attorney or his clients appeared at 9:30 a.m., the court, acting on its own motion, ordered the entry of judgment for failure of the defendants to appear and dismissed the counterclaim. At the same time, the court ordered a hearing on the question of damages for February 1, 1974. Defendants' attorney presented himself requesting a continuance on the ground of the absence of key witnesses, his clients,

whom he had been unable to contact due to their absence from the State prior and subsequent to the time he had received notice of the February 1 hearing. The motion was denied; the court heard the plaintiffs' evidence and filed findings of fact and conclusions of law upon both the questions of liability and damages.

By judgment order dated March 19, 1974, entered March 26, 1974, the court adjudged that the plaintiff Pizzano recover of the defendants the sum of $7,132.38, the amount stated in its complaint, together with interest, making in the whole the sum of $7,814.00. It also adjudged that the defendants were not indebted to the plaintiff Leonesio. Subsequent motions for new trial and amendment of findings of fact were heard and denied. The defendants then moved for relief from judgment under the provisions of V.R.C.P. 60(b).

By this motion the defendants sought to set aside the judgment by default, contending it was entered in contravention of the provisions of V.R.C.P. 55. The court was requested to set aside the entry of default and any attendant judgment in accordance with V.R.C.P. 55(c) and to grant them full and fair hearing on the merits of their counterclaims as well as on the claims made against them by the plaintiffs.

Although made at the December Term, 1973, the motion was not heard until the opening of a new term, the June Term, 1974, presided over by a different superior judge. This court struck the judgment order entered by its predecessor for the limited purpose of allowing the defendants to be heard only upon their counterclaim. Following hearing upon the second counterclaim, so called, the judgment of its predecessor was reinstated with additional interest on September 5, 1974. This sum was diminished by the amount of $750.00, found to be due and owing from the plaintiff Pizzano to the defendants. From this judgment, the defendants appeal to this Court.

The award of damages to the defendants is not the subject of appeal by either party.

■ The error in this cause which we find to be prejudicial and reversible is the lack of meaningful notice given at a meaningful time, preventing the defendants from asserting any defense they may have to the plaintiffs' claims, com-

pounded by the action of a successor court reinstating a judgment without authority in fact or in law.

The defendants address their claims of error principally to the failure of the court to set aside the default and resulting judgment as a matter of discretion which it should have exercised under V.R.C.P. 55(c).

■ A notice of hearing given one day previously may under some circumstances be proper and adequate; in others, it may be arbitrary, compelling the exercise of sound discretion when a judgment by default is sought to be overturned. Meaningful notice together with an opportunity of being heard is dear to the heart of the judicial system.

V.R.C.P. 55 sets up safeguards assuring a defendant of an opportunity for hearing prior to being subjected to a liability incurred by default. The tenor of this rule is to avoid summary action fraught with due process difficulties. The rule provides that the party entitled to judgment must apply to the court for the entry of a default. V.R.C.P. 55(b)(2). If the party against whom the judgment by default is sought has appeared (as they did here) he, or his representative, shall be served with written notice of the application for judgment at least three days prior to a hearing on such application. V.R.C.P. 55(b)(2). See also *Town of Colchester* v. *Brault*, 131 Vt. 616, 313 A.2d 29 (1973). Furthermore, no judgment by default shall be entered until the filing of an affidavit by the plaintiff or his attorney, on the affiant's own knowledge setting forth facts showing that the defendant is not a person in the military service as defined in Article I of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended, except upon order of the court in accordance with that act. V.R.C.P. 55(b)(3). All of these steps are mandated for the type of judgment rendered; the record demonstrates a total non-compliance with Rule 55 by the plaintiff. In the absence of Rule 55 compliance, a court has no authority to summarily enter a default and judgment based on such default.

The plaintiffs contend, however, that the defendants' counsel, having been notified and present at a hearing on the issue of damages in which his clients did not appear, cannot now invoke the Rule 55 non-compliance. We do not agree. The hearing on February 1, 1974, was a hearing on the question

of damages. The taking of evidence as to the plaintiffs' damages cannot overcome an invalid determination of liability, the fulcrum of the judgment.

We hold that the court's action imposing liability upon the defendants under the circumstances disclosed by the record deprived them of their due process right to meaningful notice and opportunity to be heard, making the initial judgment void.

Moreover, after the court at the June Term had set aside the default judgment entered by its predecessor, it lacked authority to enter a new judgment in favor of the plaintiffs without evidence upon the issues raised by the pleadings, absent consent of the parties, which consent does not appear. Clearly the judgment from which the defendants appeal was founded upon the findings of fact and conclusions of law made by the court at the December Term. As we stated in *Atlas Financial Corp.* v. *Oliver,* 129 Vt. 216, 219, 274 A.2d 687 (1971):

> For the court to adopt the findings of fact of another court . . . is quite irregular and impermissible. We find no authority to sustain such action. See 4 V.S.A. §§ 75 and 119.

*The judgments of the Bennington Superior Court rendered at the December Term, 1973, and at the June Term, 1974, adjudging the defendants liable to the Pizzano Construction Company, Inc., except for that portion of the latter judgment adjudging the plaintiff Pizzano liable to the defendants upon their counterclaim in the sum of $750.00, are vacated and set aside. Cause reversed and remanded for hearing on all issues raised by the plaintiffs' complaint and defendants' answer.*