*Chagnon v. Peterson*, No. 200-6-14 Bncv (Wesley, J., Aug. 11, 2014).

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Bennington Unit | CIVIL DIVISION<br>Docket No. 200-6-14 Bncv |

| | |
|---|---|
| Michael Chagnon,<br>    Plaintiff<br><br>v.<br><br>Stanley F.S. Peterson,<br>    Defendant | DECISION ON THE MERITS |

### Opinon and Order on Small Claims Appeal
### Reversing and Remanding Small Claims Judgment

Michael Chagnon appeals a judgment from the Small Claims Court awarded against him and in favor of his former tenant, Stanley Peterson. Mr. Chagnon leased a house to Mr. Peterson in Manchester, Vermont.  Mr. Peterson sued  Mr. Chagnon to recover his security deposit and money he advanced to pay for a new oil tank.  Mr. Chagnon filed a counterclaim for rents owed, as well as damage to the leased premises.  On May 22, 2014, the Small Claims Court held a hearing, which Mr. Peterson attended but Mr. Chagnon did not attend. The Small Claims Court took testimony from Mr. Peterson and admitted exhibits, and rendered an oral decision and written judgment for $3,480.26 and court costs of $78.75 in favor of Mr. Peterson against Mr. Chagnon.  Based on Mr. Chagnon's failure to appear, the Small Claims Court dismissed his counterclaims for failure to prosecute.

On August 1, 2014, the Superior Court held a hearing on Mr. Chagnon's appeal. Mr. Chagnon appeared but Mr. Peterson did not appear. Mr. Chagnon indicated he did not receive notice of the May 22, 2014 small claims hearing. Mr. Chagnon also disputed the Small Claims Court's interpretation of the notice required to terminate a month-to-month tenancy. Further, Mr. Chagnon wished to present his counterclaim against Mr. Peterson.

 The Court first considers whether Michael Chagnon received adequate notice of the May 22, 2014 hearing. A Court may vacate its decision if a party fails to answer due to excusable neglect. *See* V.R.C.P. 60(b)(1). Out-of-state defendants pose a particular problem for ensuring proper notice. *See Brady v. Brauer*. *See* 148 Vt. 40, 44 (1987). Moreover, inadequate notice of a hearing can deprive a party of the party's right to due process. *See Pizzano Constr. Co., Inv. Hadwen*, 133 Vt. 495, 498–99 (1975).  The law prefers the resolution of cases on the merits, after a hearing at which each party has adequate notice and an opportunity to appear. *Courtyard Partners v. Tanner*, 157 Vt. 638 (1991).

The circumstances of this case persuade the Court that Mr. Chagnon did not receive notice. Mr. Chagnon lives in Florida. For the weeks before the hearing, Mr. Chagnon was staying in the New York City area to care for his spouse, where his spouse received critical medical treatment. Mr. Chagnon indicated he monitored his mail received at his Florida address, and he

acknowledges receiving all of the Court documents other than notice of the hearing. [1] Mr. Chagnon also spoke with a court staff member on April 11, 2014 to discuss possible dates for the hearing, during which he formed the impression that it would likely be scheduled sometime in June. After receiving notice of the judgment, Mr. Chagnon was distressed due to having missed a hearing for which he had no notice. He drove to Bennington and ordered copies of the small claims file as well as a transcript of the hearing. He vigorously disputes Mr. Peterson's claims, and had every intention of pursuing his counterclaims. He insists that had he received notice he would have been present at the small claims trial. Notwithstanding the absence of a returned envelope denoting the postal service's unsuccessful attempt to deliver the mail, the Court concludes that Mr. Chagnon has made a persuasive case that he did not receive actual notice of the hearing. Under these circumstances, Mr. Chagnon will be deprived of his right to defend against Mr. Peterson's claim and to present his counterclaim unless relief is granted through this appeal *Pizzano* at 498-99. Therefore, the Court will reverse and remand for a hearing that allows both parties to present their cases.

Because this matter must be returned to the small claims court for a new trial, and because Mr. Peterson did not appear for the oral argument in connection with the small claims appeal, the Court does not squarely address Mr. Chagnon's other claims of error. In particular, Mr. Chagnon disputes that Mr. Peterson gave adequate notice of termination of tenancy when he purported to provide notice of his intention to vacate on Jan. 1, 2014 by email sent less than a week prior to that date. According to Mr. Chagnon, Mr. Peterson had given a previous notice in November 2013 that he would relinquish possession at the end of January 2014. Both because of the short period associated with Mr. Peterson's modified notice, and because Mr. Peterson acknowledges that he continued to occupy the premises for a portion of January, Mr. Chagnon claims entitlement to rent for the entire month. Furthermore, Mr. Chagnon maintains that Mr. Peterson changed the locks on the apartment at an earlier time, and that he never provided Mr. Chagnon with a key to the new lock, either before or after purporting to terminate the tenancy and vacate. He disputes that he was required to account for any security deposit until after he was able to gain access to the leased premises, which did not occur until Mr. Peterson's domestic partner informed him of the location of a key for the changed locks.

The issues described by Mr. Chagnon during oral argument require resolution on remand, based on the evidence considered at that time. For the purpose of the remand, the Court clarifies notice requirements in terminating a tenancy, as well as the elements of voluntary relinquishment of possession. Under 9 V.S.A. § 4456(d), a tenant can terminate a month-to-month tenancy by giving one month's notice. *See Holl v. Ballard*, No. 260-6-03 Wrcv, 2003 WL 25652481 (Vt. Super. Ct. Nov. 2003) (Teachout, J.) *available at* https://www.vermontjudiciary.org/TCDecisionCvl/2005-7-1-9.pdf. Alternatively, the tenant may surrender possession if the landlord accepts. *See id.* (citing *Abbadessa v. Tegu*, 120 Vt. 352 (1958)). Where the tenant changed the locks, the tenant must provide a key to the landlord to surrender possession. *See id.* Additionally, the fourteen day period to return a security deposit starts to run once the landlord knows the tenant vacated the property, after either a proper termination of tenancy or relinquishment of possession. *See* 9 V.S.A. § 4461(c).

---

[1] A typographical error in the Court's file may have caused the mailing problem. Mr. Chagnon and Mr. Peterson refer to the street on which Mr. Chagnon lives as Reyes Court. Elsewhere in the file, the Court lists the street as Reys Court. Although Mr. Chagnon received the judgment notwithstanding the misspelling of the street address, it remains possible that the typographical error caused the U.S. Post Service to sometimes deliver mail but be unable to find the address at other times.

## Order

    The Court **REVERSES AND REMANDS** to the Small Claims Court. The Small Claims Court must conduct a new evidentiary hearing.

Electronically signed on August 11, 2014 at 12:21 PM pursuant to V.R.E.F. 7(d).

_____

John P. Wesley
Superior Court Judge