NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: Reporter@vtcourts.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2026 VT 19

No. 25-AP-083

| | |
|---|---|
| Westwardhos LLC | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Orange Unit, |
| | Civil Division |
| | |
| Anatoly Glass LLC and Anatoly Kishinevski | January Term, 2026 |

Daniel P. Richardson, J.

Melvin Fink of Melvin Fink, P.C., Springfield, for Plaintiff-Appellee.

Anatoly Kishinevski, Pro Se, White River Junction, Defendant-Appellant.

PRESENT: Reiber, C.J., Eaton and Waples, JJ., and Corsones, Supr., J., and Cohen, J. (Ret.), Specially Assigned

¶ 1. **COHEN, J. (Ret.), Specially Assigned.** Tenant Anatoly Kishinevski appeals pro se from the trial court's order granting landlord Westwardhos LLC a default judgment under Vermont Rule of Civil Procedure 55(c)(6) following tenant's failure to appear at jury draw. Tenant argues, among other things, that the trial court erred in entering default judgment without holding a hearing on seven-days' notice as required under Rules 55(c)(6) and 55(c)(4). We vacate and remand for the trial court to provide seven-days' notice and a default judgment hearing pursuant to Rule 55(c)(4) and conduct further proceedings as necessary.

¶ 2. The record reveals the following. Tenant rented a commercial space from landlord beginning December 1, 2020. Landlord contends that tenant became delinquent on his rent in

2022 and 2023. Landlord commenced an ejectment action against tenant in February 2024 seeking to recover possession of the commercial rental unit and damages for unpaid rent.[1] In response, tenant contended that he did not owe any unpaid rent and asserted several affirmative defenses excusing nonpayment. In March 2024, the trial court granted landlord's rent-escrow motion. See 12 V.S.A. § 4853a(a) ("In any action against a tenant for possession . . . the landlord may file a motion for an order that the tenant pay rent into court."). When tenant failed to make the required escrow payments, the court granted landlord's motion for a writ of possession under 12 V.S.A. § 4853a. Tenant vacated the rental space in April 2024, which meant that the only remaining issue was whether tenant owed landlord any rent arrearages. Tenant requested a jury trial, and in May 2024, the court granted tenant's motion to conduct limited discovery.

¶ 3.    On November 13, 2024, the court sent notice to the parties that jury draw was scheduled for 9 a.m. on February 10, 2025. The trial was scheduled for the following two days, February 11 and 12. Tenant filed multiple motions to continue the trial, asserting that a delay was warranted because landlord did not respond to discovery and, separately, to protect tenant's health and well-being. Tenant stated that he was diagnosed with post-traumatic stress disorder (PTSD) and was suffering from stress caused by the legal proceedings. The trial court denied these motions to continue, explaining that the matter before the court was "relatively straightforward" and the parties had been given enough time for discovery and preparation. At a status conference on February 4, 2025, the court reminded tenant that he was required to appear in-person at 9 a.m. on February 10, 2025, for jury draw. Tenant then asked the trial court for permission to take an interlocutory appeal, which the court denied on February 10. On February 9, tenant filed a motion

---

[1]    Tenant's business, Anatoly Glass, LLC, was initially named as a defendant, but subsequently dismissed from the action because it was dissolved and was no longer an active corporate entity.

asking this Court to stay proceedings due to his stress level and filed a petition for extraordinary relief with this Court.[2]

¶ 4.    On February 10, 2025, tenant did not appear for jury draw. That morning, he emailed court staff stating that he had filed a request for extraordinary relief and had been "awake with zero sleep for several days now in my attempt to preserve my rights." He asserted that "there ha[d] been a very serious breach of justice" and predicted that it would be impossible to hold the trial the next day because this Court would intervene. In a subsequent email, he stated, "I see the filings was [sic] accepted. I am going to sleep now." Court staff responded that the jury draw had not been cancelled and informed tenant that "failure to appear could result in [his] case being decided in [his] absence or a forfeiture of [his] right to a Jury Trial."

¶ 5.    The court waited for tenant until 10:15 a.m., at which point landlord moved for default judgment and requested an opportunity to submit an affidavit regarding the requested damages. The court orally granted the motion, finding that there were sufficient legal and factual grounds to enter a judgment of default, and ordered landlord to submit an affidavit to establish damages. The court issued an entry order the next day summarizing these findings and granting the default judgment pending the court's receipt of landlord's affidavit. On February 26, 2025, the court issued a final judgment awarding landlord $23,949.85 in damages and attorney's fees. This appeal followed.[3]

---

[2]  This Court denied tenant's requests because he had not met the requirements of Vermont Rule of Appellate Procedure 21(a). See V.R.A.P. 21(a) (requiring that complaint state "why there is no adequate remedy under these rules or by appeal or through proceedings for extraordinary relief in the superior court").

[3]  Tenant simultaneously filed a notice of appeal from the default judgment and a motion to vacate under Vermont Rule of Civil Procedure 60(b). Under our caselaw, "[w]hile a cause is pending in this Court, the trial courts have no power to rule on V.R.C.P. 60(b) motions in the absence of a remand for that purpose." Kotz v. Kotz, 134 Vt. 36, 39, 349 A.2d 882, 885 (1975). Tenant did not ask this Court to stay the appeal and remand for the trial court to decide the Rule 60(b) motion. Nor did he appeal from the denial of the Rule 60(b) motion. Thus, that decision is outside the scope of this appeal.

¶ 6.    Tenant argues that the court was required by rule to hold a hearing and provide tenant with seven-days' notice of this hearing before entering a default judgment, and that the court's failure to do so deprived him of due process. Because landlord moved for default judgment instead of proceeding with the jury selection and trial, we conclude that the trial court abused its discretion when it failed to give tenant seven-days' notice and hold a default judgment hearing as required under Rule 55(c)(4).[4]

¶ 7.    We review a default judgment for abuse of discretion and will only reverse if there is an abuse of that discretion. See DaimlerChrysler Servs. N. Am., LLC v. Ouimette, 2003 VT 47, ¶ 6, 175 Vt. 316, 830 A.2d 38 (stating Rule 55 "commits judgment by default to the trial court's discretion"). The defendant has the burden of showing this abuse of discretion. Brady v. Brauer, 148 Vt. 40, 44, 529 A.2d 159, 161 (1987). "Generally, the rules relating to default judgments should be liberally construed in favor of defendants, and of the desirability of resolving litigation on the merits, to the end that fairness and justice are served." Desjarlais v. Gilman, 143 Vt. 154, 158-59, 463 A.2d 234, 237 (1983). "A default judgment issued without the opportunity to be heard is not favored over one rendered after full hearing, and relief ought not to be denied for insufficient reasons." Brady, 148 Vt. at 44, 529 A.2d at 161.

¶ 8.    Rule 55(c)(4) states that "[i]f the party against whom judgment by default is sought has appeared in the action judgment may be entered by the judge after hearing, upon at least 7 days' written notice served by the clerk." Landlord does not dispute that tenant appeared in this case. We agree that tenant appeared in this case because he filed an answer as well as subsequent motions and responses. See, e.g., Dougherty v. Surgen, 147 Vt. 365, 367, 518 A.2d 364, 365 (1986) (concluding that where defendants "filed a detailed answer to the complaint, asserted a

---

[4] Instead of moving for default judgment when tenant did not appear for jury selection, landlord could have elected to move forward with jury selection and proceed to trial as scheduled. Because tenant received notices for both jury selection and trial, tenant would not have been entitled to any additional notice.

4

counterclaim and obtained a dissolution of the attachment that plaintiff had obtained," defendants had appeared for purposes of Rule 55); see also Reporter's Notes—1988 Amendment, V.R.C.P. 55 (looking to Federal Rule of Civil Procedure 55(a) in explaining when defendant has not "appeared" in action and noting "this means no pleading has been filed and no other defense, entry of appearance or participation has occurred").

¶ 9. This Court has made clear that notice is required before a trial court can issue a default judgment when a party has appeared in the case. In Reuther v. Gang, this Court explained that in cases where it is proper to issue a default judgment, Rule 55 requires notice to "be given before the court may enter a default judgment." 146 Vt. 540, 542, 507 A.2d 972, 973 (1986). This Court emphasized that " '[t]o get such a judgment without . . . notice is not in our opinion due process of law.' " Id. (quoting Bass v. Hoagland, 172 F.2d 205, 210 (5th Cir. 1949)). We similarly held in Dougherty v. Surgen that the defaulting party was "entitled" to notice of the default judgment hearing under Rule 55, and though defendants' counsel had already withdrawn, "[w]ithdrawal of counsel only made it necessary to serve notice on the defendants rather than their counsel: it did not eliminate the notice requirement." 147 Vt. at 367, 518 A.2d at 365.

¶ 10. The rule's plain language also makes it clear that holding a hearing on the default judgment motion is mandatory. The rule states that "[i]f the party against whom judgment by default is sought has appeared in the action judgment may be entered by the judge after hearing, upon at least 7 days' written notice." V.R.C.P. 55(c)(4) (emphasis added). In other words, the trial court may only enter judgment against the defaulting party after holding a hearing. See Hous. Found., Inc. v. Beagle, No. 2007-474, 2008 WL 3976570, at *2 (Vt. Aug. 2008) (unpub. mem.), https://www.vermontjudiciary.org/sites/default/files/documents/eo07-474.pdf (holding that Rule 55's language is "mandatory directive to the trial court" to hold hearing prior to entering default judgment). Our reading is consistent with the purpose of the rule. Rule 55(c)(4), previously Rule

5

55(b)(4),[5] was rewritten to distinguish cases where a party has appeared in the action after this Court's holding in <u>Reuther v. Gang</u>. See <u>Reuther</u>, 146 Vt. at 542, 507 A.2d at 973 (concluding that trial court erred in entering default judgment against defendant when she failed to appear at trial, explaining that "where the defendant has not appeared for trial, but has otherwise appeared and defended the action, an entry of a default judgment is improper"). Rule 55 was amended to clarify that when a party has appeared, "there must be a separate hearing on the request for default judgment." Reporter's Notes—1988 Amendment, V.R.C.P. 55. In this case, tenant did not appear for jury draw, but he had otherwise appeared in the matter, and landlord moved for a default judgment. The trial court was therefore required to provide tenant with a hearing on seven days' written notice under Rule 55(c)(4) before deciding the motion. The court abused its discretion when it failed to do so, granting the motion for default judgment the same day.

¶ 11.    When the trial court entered default judgment against tenant, it did not cite to Rule 55(c)(4), instead relying on Rule 55(c)(6). Rule 55(c)(6) states: "In those cases in which a party has appeared in the action but has failed to appear at a duly noticed trial on the merits, any other party seeking affirmative relief may either waive trial and move for a default judgment or proceed to trial." The rule goes on to explain that "[i]f the party seeking affirmative relief chooses to file a motion for default judgment, a hearing shall be scheduled on the motion pursuant to" Rule 55(c)(4). V.R.C.P. 55(c)(6). When entering default judgment under Rule 55(c)(6), the trial court explained that "the jury draw is the first part of a jury trial on the merits." We do not reach the question of whether Rule 55(c)(6) applies here and whether the jury draw is part of a duly noticed trial on the merits for the purposes of this rule. Regardless, Rule 55(c)(6) still requires a notice and hearing under Rule 55(c)(4) if the nondefaulting party moves for default judgment.

---

[5] Rule 55 was amended in 2020 to "reflect the needs of current practice and to modernize language and make it consistent throughout the rule." Reporter's Notes—2020 Amendment, V.R.C.P. 55. As a result of this amendment, former Rule 55(b) was renumbered to Rule 55(c).

¶ 12. Though landlord argues that the jury draw hearing satisfied the hearing requirement of Rule 55(c)(4), we disagree. When a party has appeared in an action, the defaulting party must have "the opportunity to challenge claims of liability and damages" through a hearing. Reporter's Notes—2009 Amendment, V.R.C.P. 55. Under the plain language of the rule, the trial court was required to hold a hearing, with at least seven days' advance notice, where tenant could have the opportunity to challenge landlord's claims. Holding a hearing on landlord's motion for default judgment immediately after determining that tenant was not going to appear for the jury draw did not provide tenant with this opportunity. Accordingly, we conclude that the trial court did not satisfy the hearing requirement of Rule 55(c)(4) when it held the hearing on landlord's request for default judgment the same day and without notice to tenant.

¶ 13. Landlord also asserts that tenant received the required seven days' notice under Rule 55(c)(4) when the court sent him the November 13, 2024 notice about the February 10, 2025 jury draw. We disagree. The trial court did not schedule, or expect to hold, a default judgment hearing on February 10, 2025. Tenant was not given notice for a default judgment hearing through his notice for the jury draw.

¶ 14. Finally, landlord argues that even if an additional default judgment hearing was required, the failure to hold such a hearing was harmless error because tenant did not demonstrate prejudice. We conclude that tenant was not required to make such a showing under the circumstances here. Entry of default judgment against a party who has appeared in a case without first providing notice and an opportunity to be heard implicates that party's due-process rights. See Reuther, 146 Vt. at 542, 507 A.2d at 973 (explaining that because defendant was not given notice before court entered default judgment, " '[t]o get such a judgment without evidence and without notice is not in our opinion due process of law' " (quoting Bass, 172 F.2d at 210)); see also Dougherty, 147 Vt. at 366, 518 A.2d at 365 ("Due process favors the rights of the defendants to be heard in their own defense. Denial of that right, and rejection of the remedies for default,

7

must have strong support." (alteration and quotation omitted)). Accordingly, "[a] failure to give the required notice generally is considered a serious procedural error that justifies the reversal or the setting aside of a default judgment."[6] 10A M. Kane & A. Steinman, Federal Practice and Procedure § 2687 (4th ed. 2026); see, e.g., Bass, 172 F.2d at 210 (concluding that failure to provide notice under Federal Rule 55 to defaulting party was error and "[t]o get such a judgment without evidence and without notice is not in our opinion due process of law"); In re Roxford Foods, Inc., 12 F.3d 875, 881-82 (9th Cir. 1993) (holding that failure to provide notice of motion for entry of default judgment violated defaulting party's due-process rights); Press v. Forest Lab'ys, Inc., 45 F.R.D. 354, 357 (S.D.N.Y. 1968) ("Where notice of a motion for a default judgment is required, but not given, such a judgment entered without notice must be vacated as a matter of law."). For this reason, we conclude that the judgment must be vacated and remanded for the trial court to provide tenant with the required notice and hearing.

¶ 15. We turn to tenant's remaining arguments on appeal. Tenant asserts that the trial court erred in denying his motion to compel landlord to certify its interrogatory responses under oath and by permitting landlord to provide evasive and incomplete responses to his questions. This Court will uphold a trial court's discovery ruling unless there is an abuse of discretion. Pcolar v. Casella Waste Sys., Inc., 2012 VT 58, ¶ 11, 192 Vt. 343, 59 A.3d 702. We apply "a deferential standard of review to trial court rulings on discovery, which are left to the sound discretion of the trial judge," including decisions to deny motions to compel. Id. (quotation omitted). "Discovery

---

[6] Because Federal Rule of Civil Procedure 55(b)(2) is similar to Vermont Rule of Civil Procedure 55(c)(4)—by requiring notice to the nonappearing party before default judgment can be considered—we look to federal case law for guidance. See Watson v. Vill. at Northshore I Ass'n, 2018 VT 8, ¶ 80, 207 Vt. 154, 184 A.3d 1133 (looking toward federal caselaw for guidance because language of Vermont Rule of Civil Procedure 45 follows language of federal rule); F.R.C.P. 55(b)(2) ("If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application [for default judgment] at least 7 days before the hearing.").

rulings such as this are discretionary, and discretionary rulings are not subject to review if there is a reasonable basis for the court's action." Id. (quotation omitted).

¶ 16. In tenant's motion to compel, tenant argued that landlord's responses were improperly sworn because they did not include the language "true and accurate" and "under the penalty of perjury." As the trial court noted, however, this Court has held that an oath does not need to be in a particular form as long as it serves the function intended. See Brock v. Bruce, 58 Vt. 261, 266, 2 A. 598, 604-05 (1886) (holding incorrect oath was sufficient because it conveyed same substance and was "equivalent" to what was required to be affirmed). Landlord's responses to tenant's interrogatories were notarized and included language that they were "under oath." This was sufficient to satisfy Vermont Rule of Civil Procedure 33(a), which requires that answers to interrogatories must be answered "under oath." See Steptoe v. City of Syracuse, No. 5:09-CV-1132, 2011 WL 6012941, at *4 (N.D.N.Y. Nov. 1, 2011) (holding that F.R.C.P. 33 "does not prescribe any particular form of verification" and concluding that "the oath requirement may be satisfied either by having the statement affirming the responses sworn to before a notary public or by providing a declaration pursuant to 28 U.S.C. § 1746"). The trial court therefore did not abuse its discretion in denying tenant's motion to compel landlord to resubmit its responses to tenant's interrogatories.

¶ 17. Insofar as tenant argues that the trial court erred in denying his request to have landlord submit its PayPal records, the trial court provided a reasonable explanation for its denial. See Pcolar, 2012 VT 58, ¶ 11 ("Discovery rulings such as this are discretionary, and discretionary rulings are not subject to review if there is a reasonable basis for the court's action." (quotation omitted)). Tenant argued that landlord should have provided PayPal records because they contained information about transactions disputed in the case. The trial court explained that landlord did not need to produce PayPal records because landlord did not rely on those records for its accounting; landlord already produced other records of its accounting; the burden of producing

9

those records outweighed the likely benefit; and tenant did not explain why he did not have his own records of the transactions as the tenant. See V.R.C.P. 26(b)(1) (explaining that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant . . . and proportional to the needs of the case" while "considering . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit"). We conclude that tenant did not meet his burden in showing that the court abused its discretion by denying his motions.

¶ 18.    Tenant also argues that the trial court exhibited bias against tenant; failed to provide meaningful access to the courts; and engaged in fraud on the court by disregarding tenant's evidence of professional misconduct by landlord's attorney. He does not provide citations demonstrating how he preserved these issues for appeal, nor does he adequately brief his arguments pursuant to the standards of Vermont Rule of Appellate Procedure 28(a). See V.R.A.P. 28(a) (requiring appellant's brief to contain specific issues, how they were preserved, and citations to authorities, statutes, and parts of record relied on). Though we give self-represented litigants "wider leeway," they must still abide by the minimum briefing standards of Rule 28(a). Pcolar, 2012 VT 58, ¶ 19 (quotation omitted) (declining to reach argument by plaintiff that did not meet Rule 28(a)'s standards). This Court will not address arguments that do not minimally meet these standards. Johnson v. Johnson, 158 Vt. 160, 164 n.*, 605 A.2d 857, 859 n.* (1992). We therefore do not reach tenant's remaining claims.

Vacated and remanded for the trial court to provide seven-days' notice and a default judgment hearing pursuant to Vermont Rule of Civil Procedure 55(c)(4) and conduct further proceedings as necessary.

FOR THE COURT:

_____
Associate Justice (Ret.)